IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYREETA WRIGHT, Individually, and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> FAMILY DOLLAR, INC., a foreign corporation, <br><br> Defendant. | Case No. 1:10-cv-04410 <br><br> Judge Robert W. Gettleman <br><br> Magistrate Judge Nan R. Nolan |

## DEFENDANT'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE CLASS ALLEGATIONS PURSUANT TO RULES 23(C)(1)(A) AND 23(D)(1)(D)

### I. INTRODUCTION

Plaintiff Syreeta Wright ("Plaintiff"), a former Family Dollar employee, brings this putative class action alleging that Family Dollar violated the Illinois Minimum Wage Law and the Illinois Wage Payment and Collections Act via its Store Managers, who allegedly require non-exempt "Associates" to work off-the-clock. Plaintiff herself worked as a Store Manager during the applicable limitations period, and as Family Dollar argued in its motion, this presents a conflict of interests that precludes class certification.

In Response to Family Dollar's motion, Plaintiff relies almost exclusively on the mistaken assertion that the putative class she seeks to represent does not include Store Managers. However, the class, by definition, *does* include current and former Store Managers, as demonstrated by Plaintiff's own employment history. Further, Plaintiff misconstrues Family Dollar's fundamental argument. It is irrelevant that Plaintiff does not seek to recover for alleged unpaid wages during the time period that she was a Store Manager. What is relevant is the fact

that during the limitations period, Plaintiff worked as a Store Manager, and as such (taking the allegations of the Complaint as true), she would have engaged in the "rampant" practice of requiring Associates within the putative class to work off-the-clock. Similarly, all other putative class members, who like Plaintiff, were promoted to Store Manager during the limitations period, likewise would have required other putative class members to work off-the-clock. This creates an inherent conflict within the proposed class and prevents Plaintiff from satisfying the adequacy of representation requirement under Rule 23.

Plaintiff's remaining arguments either suffer from the same mistaken presumption or otherwise miss the mark. In sum, Plaintiff's Response fails to contradict the fact that the allegations in the Complaint leave no doubt that Plaintiff and her proposed class cannot satisfy the requirements of Rule 23. As such, the Court should strike the class action allegations pursuant to Rules 23(c)(1)(A) and 23(d)(1)(D).

## II. ARGUMENT

### A. The Motion To Strike Is Properly Brought At This Time Because Plaintiff's Failure To Satisfy Rule 23 Is Apparent From The Complaint

It is entirely appropriate for the Court to strike Plaintiff's class allegations on the pleadings alone where, as here, they are deficient on their face. *Muehlbauer v. General Motors Co.*, 431 F. Supp. 2d 847, 870 (N.D. Ill. 2006). Plaintiff's contention that Family Dollar must wait until Plaintiff files a motion for conditional class certification is not the law of this Circuit, nor does it promote the interests of judicial economy or the efficient use of the parties'-- or the Court's -- resources.

Further, the cases cited by Plaintiff fail to support her argument. First, Plaintiff cites to and purports to quote from *Newport v. Dell Inc.*, 2009 U.S. Dist. LEXIS 48119 (D. Ariz. June 8, 2009) for the proposition that dismissal of class allegations at the pleading stage "should be done

2

rarely" because the "form of a class action evolves only through the process of discovery." (Response at 3-4). However, *Newport* contains no discussion whatsoever of Rule 23 or a motion to strike class allegations. Moreover, the cited quotation appears nowhere in *Newport*'s text, and *Newport* does not cite to *In re Wal-Mart Stores, Inc.*, 505 F. Supp. 2d 609 (N.D. Cal. 2007) as Plaintiff asserts. Second, neither *Thorpe v. Abbott Laboratories, Inc.*, 534 F. Supp. 2d 1120 (N.D. Cal. 2008), *Delise v. Federal Express Corp.*, 2001 U.S. Dist. LEXIS 3745 (N.D. Ill. March 30, 2001), nor *Krzesniak v. Cendant Corp.*, 2007 U.S. Dist. LEXIS 18811 (N.D. Cal. Feb. 27, 2007) involve circumstances in which the putative class was permeated with conflicts that were apparent from the face of the complaint, as they are here. Therefore, Family Dollar's motion is properly brought at this stage of the litigation, per the authority cited in its initial Memorandum, and the Court need not wait for Plaintiff's motion for class certification to address this issue.

### B. The Putative Class Includes Current And Former Store Managers

Despite Plaintiff's belated attempt to narrow the definition of the putative class by stating that she "is not seeking to represent Store Managers," the unequivocal language of the Complaint makes clear that Plaintiff's proposed class necessarily includes current and former Store Managers. Specifically, Plaintiff purports to represent a class of current and former Family Dollar "Associates" that includes:

> all individuals who were employed by the Defendant as an Associate in any Illinois store at any time during the relevant statute of limitations period who: 1) were not paid for regular hours worked; or 2) worked more than forty (40) hours in a week, but did not receive overtime pay.

(Complaint ¶ 19).

Plaintiff's Response emphasizes the term "Associate" in this definition, but the critical emphasis should be on the phrase "all individuals." The putative class is not limited to those individuals who *only* worked as Associates. Rather, the class includes *all* people who worked as

3

Associates, regardless of whether these individuals may have also worked as Store Managers at some point during the relevant time period. The proposed class will certainly include some individuals who work or worked as Associates and have never held the position of Store Manager. However, the proposed class will also include individuals who, like Plaintiff, were promoted to Store Manager and worked as Store Managers during the relevant limitations period.

Plaintiff's denial of this fact is particularly puzzling given her own employment history. Plaintiff falsely asserts that she "has not alleged, and there is nothing in the record which indicates, that any potential class member became or is a current Store Manager." (Response at 6). In fact, as specifically alleged in the Complaint, Plaintiff was an Associate from September 2008 through January 2009, and then worked as a Store Manager from February 2009 through May 2009. (Complaint ¶ 8(b)). Thus, Plaintiff's own employment at Family Dollar illustrates that the putative class includes both: (1) individuals who only worked as Associates; and (2) individuals who worked as Associates, but who later occupied the Store Manager position.

While it is Family Dollar's position that Plaintiffs' own employment history proves the conflict that necessarily permeates the putative class, it will provide further illustration given Plaintiff's denial of the plain allegations of her Complaint. For example, looking only at the store where Plaintiff worked when she was promoted to Store Manager, Store 6902, thirteen (13) individuals who worked at that store during the limitations period have also worked as Store Managers (either at that store or another) during the limitations period. *See* Declaration of Charles Montenegro at ¶ 3, attached hereto as Exhibit A.[1] Specifically, eleven (11) individuals worked as Associates (either at Store 6902 or another store) and were later promoted to become the Store Manager of Store 6902. *Id.* Additionally, two (2) individuals worked as Associates at

---

[1] The Declaration of Charles Montenegro attached with this Reply is unsigned. Mr. Montenegro has executed the Declaration, but was unable to transmit the document to counsel for Family Dollar for filing. Family Dollar will provide the signed Declaration as soon as it has been received.

4

Store 6902 and were then promoted to become the Store Manager of another store. *Id.* Of these 13 Associates who eventually became Store Managers, 1 is still employed as a Store Manager, while 12 are no longer employed by Family Dollar. *Id.* This pattern of internal promotion and turnover is not unusual. *Id.* Thus, contrary to Plaintiff's arguments, she does seek to represent a class that includes current and former Store Managers.

### C. Conflicts In Plaintiff's Proposed Class Prevent Her From Fulfilling The Adequacy Of Representation Requirement And Prevent Plaintiff's Counsel From Adequately Representing The Class

Rule 23's adequacy of representation requirement must be strictly construed and stringently applied, since many absent class members will be bound by the judgment. *Thompson v. T.F.I. Companies, Inc.*, 64 F.R.D. 140, 148 (N.D. Ill. 1974). As demonstrated above, Plaintiff's proposed class includes both individuals who worked only as Associates and individuals who worked as Associates and, at some other point during the relevant time period, also worked as Store Managers. This creates an inherent conflict, which prevents Plaintiff from adequately representing the class and precludes Plaintiff's counsel from representing these conflicting parties at the same time. According to the allegations of the Complaint, Plaintiff and all other Store Managers within the putative class would have required Associates to work off-the-clock, just as they were allegedly required to work off-the-clock by their Store Managers while they were Associates. As a result, any members of the putative class who reported to Plaintiff and other Store Manager class members would be claiming that these individuals violated the law and Family Dollar's policies. Because Plaintiff is one of the supervisory employees who participated in the alleged wrongful conduct, she cannot adequately represent the putative class.

Similarly, Plaintiff's interests and the interests of those other proposed class members who are not current Store Managers are antagonistic to members of the putative class who are

5

currently employed as Store Managers. Contrary to Plaintiff's Response, Family Dollar has not argued that Plaintiff cannot represent a class of current and former employees just because she is a former employee. Rather, the conflict is based on the fact that in order to prove her case, Plaintiff must show that those class members who are current Store Managers are violating the law and Family Dollar policy. Specifically, to prevail on her theory that all Illinois Store Managers are requiring their employees to work off-the-clock, Plaintiff must necessarily show that those class members who are current Store Managers have violated, and are violating, both the law and Family Dollar's policies. Proof of such violations will have a negative impact on the current Store Managers' employment at Family Dollar, and cause their interests in avoiding any such consequences to be contrary to the interests of the Plaintiff and those putative class members who are not current Store Managers.

Plaintiff argues that: (1) she does not seek damages for the period of time when she was a Store Manager, and (2) the possible existence of additional wage and hour claims for her tenure as Store Manager do not make her claims less aligned with the proposed class. Both arguments miss the mark. It is irrelevant whether Plaintiff is seeking damages for the time when she was employed as a Store Manager, and Family Dollar does not assert that she is doing so. The conflict that violates Rule 23 is not based upon any claims for damages raised by Plaintiff for the time period when she was a Store Manager. Rather, the conflict is based on the following facts: (1) Plaintiff alleges that Store Managers require their Associates to work off-the-clock; (2) Plaintiff alleges that Family Dollar has a policy prohibiting Store Managers from forcing employees to work off-the-clock; (3) It is unlawful for a Store Manager to require an employee to work off-the-clock; (4) Plaintiff's putative class includes individuals who, like her, work or

worked as Store Managers during the relevant time period; and (5) Plaintiff must therefore show that these Store Manager class members participated in the alleged unlawful conduct.[2]

Plaintiff's reliance upon *Romero v. Producers Dairy Foods, Inc.*, 235 F.R.D. 474 (E.D. Cal. 2006), *Palmer v. Combined Ins. Co.*, 217 F.R.D. 430 (N.D. Ill. 2003) and *Kamar v. Radio Shack Corp.*, 254 F.R.D. 387 (C.D. Cal. 2008) is misplaced. In *Romero*, the named plaintiff sought to represent a class of delivery route drivers, but he also worked as a supervisor for a portion of the limitations period in addition to working as a driver. 235 F.R.D. at 489. However, plaintiffs' theory in *Romero* was that they were misclassified as exempt under the FLSA and California state wage and hour law. There were no off-the-clock claims presented in *Romero*. More to the point, there was no evidence <u>and</u> <u>no</u> <u>allegation</u> that as a supervisor, the named plaintiff was involved in the classification decision or was otherwise responsible for any of the alleged wrongful conduct. *Id.* Similarly, *Palmer* involved a Title VII gender discrimination case where the proposed class included female agents and supervisors, all of whom alleged that they were being discriminated against by their male co-workers and supervisors. 217 F.R.D. at 437. Again, there was no allegation that any of the female supervisors were engaged in the harassment and discrimination that formed the basis of the complaint. *Id.* In sum, neither case presented the conflict apparent here.

Finally, Plaintiff cites *Kamar* for the proposition that a plaintiff having other claims in addition to the claims of the proposed class members does not run afoul of the typicality requirement. As discussed above, Family Dollar does not contend that Plaintiff brings any additional claims or that any such claims make her interests less aligned with, or less typical of,

---

[2] As discussed in Family Dollar's initial Memorandum, if Plaintiff or any other Store Manager in the putative class denies working employees off-the-clock, this would confirm that not all Store Managers are involved in this alleged scheme and would therefore undercut Plaintiff's ability to prosecute the class claims pled.

7

the interests of the proposed class. The issue arises here because Plaintiff alleges herself into a conflict with her alleged class. Therefore, these cases fail to rebut Family Dollar's arguments.

### D. Family Dollar's Unique Defenses Against Class Members Who Are Or Were Store Managers Destroy Typicality

Family Dollar has unique defenses against Plaintiff and other putative class members who are or were Store Managers, in that any such individual who required Associates to work off-the-clock did so in violation of company policy and without Family Dollar's knowledge. Plaintiff's Response contends that this argument fails because it assumes facts not contained in the record and because it is not listed among Family Dollar's affirmative defenses. Both of these points are demonstrably false.

First, as discussed at length above, the record is clear that Store Managers are necessarily part of the putative class as pled; Plaintiff's own employment history confirms this. (Complaint ¶ 8(b)). Second, Plaintiff explicitly alleges that Family Dollar has a policy prohibiting managers from "forcing employees to work off the clock or otherwise steal time from employees." (Complaint ¶ 15). Third, taking the allegations of the Complaint as true, Plaintiff must have required her employees to work off-the-clock, as the Complaint states that this was the "only solution" to complete necessary tasks and that this practice was "rampant" at Family Dollar. (Complaint ¶¶ 13, 16). Therefore, Family Dollar's arguments are well grounded in the allegations of the Complaint.

Second, Family Dollar's affirmative defenses 22 and 23 both address this issue. Family Dollar's 22nd defense states in relevant part that "Plaintiff is not a proper class representative, as she was a Store Manager during part of her employment with Defendant. As Store Manager, Plaintiff would have been responsible for the failure to pay overtime and the requirement to work off-the-clock as alleged in the Complaint." Family Dollar's 23rd defense states that "[a]ny Store

Manager who required employee[s] to work off the clock did so in violation of Family Dollar's policy prohibiting off the clock work and without Family Dollar's knowledge." Thus, Plaintiff's argument regarding the equitable defenses asserted by Family Dollar is entirely misplaced, as Family Dollar does not rely on those defenses in support of this motion, but instead relies on the specific defenses discussed above.

### III. CONCLUSION

For these reasons, and the reasons previously set forth in its initial Memorandum, Family Dollar respectfully requests that the Court grant its motion and strike Plaintiff's class allegations.

Dated: October 14, 2010

Respectfully submitted,

LITTLER MENDELSON, P.C.

_s/ Amy S. Ramsey_
John A. Ybarra (#6196983)
Amy Schaefer Ramsey (#6270557)
Todd M. Church (#6281176)
LITTLER MENDELSON, P.C.
321 North Clark Street, Suite 1000
Chicago, Illinois 60654
Telephone: 312.372.5520
Facsimile: 312.372.7880
Attorneys for Defendant
Family Dollar, Inc.

## **CERTIFICATE OF SERVICE**

I, Amy S. Ramsey, an attorney, hereby certify that on October 14, 2010, I caused a true and correct copy of the foregoing Defendant's Reply in Support of Its Motion to Strike Class Allegations to be electronically filed with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to all Filing Users.



*s/ Amy S. Ramsey*
Amy S. Ramsey