IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SYREETA WRIGHT, Individually and on Behalf of All Others Similarly Situated, ) ) ) ) | |
| Plaintiff, ) | No. 10 C 4410 |
| v. ) ) | Judge Robert W. Gettleman |
| FAMILY DOLLAR, INC., a foreign corporation, ) ) ) ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Syreeta Wright filed a two-count putative class action complaint in the Circuit Court of Cook County, alleging that her former employer, defendant Family Dollar, failed to pay actual and overtime compensation to her and other "associates" (non-exempt, store-level employees) in violation of the Illinois Wage Payment & Collection Act, 820 ILCS § 115, et seq. (Count I), and the Illinois Minimum Wage Law, 820 ILCS § 105, et seq. (Count II). Defendant removed the case to federal district court pursuant to the Class Action Fairness Act, 28 U.S.C. § 1453. Defendant has filed the instant motion to strike class allegations pursuant to Fed. R. Civ. P. 23(c)(1)(A) and (d)(1)(D), contending that plaintiff cannot establish typicality and adequacy of representation, Fed. R. Civ. P. 23(a)(3)-(4). For the following reasons, defendant's motion is granted.

**BACKGROUND**

Plaintiff alleges that defendant withheld compensation from associates by giving its store managers unfeasibly low payroll budgets which, despite defendant's official policy prohibiting managers from requiring associates to work without compensation, effectively forced all managers to do exactly that. Plaintiff's putative class consists of "all individuals who were employed by the Defendant as an Associate in any Illinois store at any time during the relevant statute of limitations period who: 1) were not paid for regular hours worked; or 2) worked more than forty (40) hours in a week, but did not receive overtime pay." The complaint alleges that, during the limitations period, plaintiff worked as an Associate (from September 2008 through January 2009) and then as a Store Manager (from February 2009 through May 2009).

## DISCUSSION

**I.      Motions to Strike Class Allegations**

Defendant brings its motion to strike class allegations pursuant to Rule 23(c)(1)(A) and (d)(1)(D). Rule 23(c)(1)(A) provides that the court, "[a]t an early practicable time . . . , must determine by order whether to certify the action as a class action." Rule 23(d)(1)(D) provides that, "[i]n conducting an action under this rule, the court may issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." District courts, both within this district and others, have held that a motion to strike class allegations, made pursuant to these provisions, is an appropriate device to determine whether the case will proceed as a class action. E.g., Muehlbauer v. General Motors Corp., 431 F. Supp. 2d 847, 870 (N.D. Ill. 2006); Cornette v. Jenny Garton Ins. Agency, Inc., No. 2:10-CV-60, 2010 U.S. Dist. LEXIS 52809, at *4 (N.D. W. Va. May 27, 2010).

Plaintiff argues that motions to strike class allegations are disfavored, and that the proper course of action is to oppose the plaintiff's motion for class certification. E.g., Thorpe v. Abbott Laboratories, Inc., 534 F. Supp. 2d 1120, 1125 (N.D. Cal. 2008); Korman v. Walking Co., 503 F. Supp. 2d 755, 762 (E.D. Pa. 2007). It is true that where the dispute is factual and discovery is needed to determine whether a class should be certified, it may be premature to strike class allegations. But when the defendant advances a legal argument based on the pleadings, discovery is not necessary for the court to evaluate whether a class action may be maintained. Particularly given that Rule 23(c)(1)(A) instructs courts to determine whether a class may be certified "[a]t an early practicable time," courts may—and should—address the plaintiff's class allegations when the pleadings are facially defective and definitively establish that a class action cannot be maintained.

## II. Legal Standards

Rule 23 requires a two-step analysis to determine whether class certification is appropriate. First, plaintiffs must satisfy all four requirements of Rule 23(a): (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. Failure to meet any one of these four requirements precludes class certification. Oshana v. Coca-Cola Co., 472 F.3d 506, 513 (7th Cir. 2006). Further, plaintiffs must satisfy at least one provision of Rule 23(b). In the instant case, plaintiff seeks monetary damages and therefore must satisfy Rule 23(b)(3), which requires the plaintiff to establish that questions of law or fact common to class members do not predominate over any questions affecting only individual class members.

In determining whether class certification is appropriate, a district court does not presume that all well-pleaded allegations are true and can look beneath the surface of a complaint to

conduct the inquiries Rule 23 requires. Szabo v. Bridgeport Machs., Inc., 249 F.3d 672, 677 (7th Cir. 2001). Even when the defendant initiates the court's review of class allegations, the burden remains on the plaintiff to establish that the suit may be maintained as a class action. See Oshana, 472 F.3d at 513, citing Trotter v. Klincar, 748 F.2d 1177, 1184 (7th Cir. 1984) ("it is the plaintiff's burden to prove the class should be certified"); but see Ramos v. U.S. Bank Nat. Ass'n, No. CV 08-1150-PK, 2009 WL 3834035 (D. Oreg. Nov. 16, 2009) ("[I]n the context of a motion to *strike* class allegations, in particular where such a motion is brought in advance of the close of class discovery, it is properly the defendant who must bear the burden of proving that the class is not certifiable."); Romano v. Motorola, Inc., No. 07-CIV-60517, 2007 WL 4199781, at *2 (S.D. Fla. Nov. 26, 2007) ("Defendants, in contending that class certification in this case is precluded as a matter of law, have the burden of demonstrating from the face of plaintiffs' complaint that it will be impossible to certify the classes alleged by the plaintiffs regardless of the facts the plaintiffs may be able to prove.") (internal citation and quotation omitted).

**III.     Analysis**

Defendant argues that plaintiff can establish neither adequacy of representation nor typicality. Because the court agrees, defendant's motion to strike class allegations is granted.

**A.     Adequacy of Representation**

Defendant correctly contends that, as it is clear from the complaint that the putative class is permeated by conflicts of interest, plaintiff's counsel will not be able to adequately represent all the members of that class. Two distinct varieties of conflict exist. The first is between those associates who were promoted to managers, and the associates who worked under those managers. The most obvious example, based on the pleadings, is plaintiff (who was an associate

4

and then became a manager within the relevant limitations period) but an identical conflict will also arise between any other associates who were promoted to manager and the associates who worked for those managers.[1] The complaint alleges that requiring associates to work off-the-clock was the "only solution" to the manager's dilemma and that this practice was "rampant." Therefore, based on the pleadings, plaintiff, along with other managers, must have required associates to work off-the-clock when she worked as a store manager. As a result, any member of the putative class who reported to plaintiff would be claiming that plaintiff acted in violation of the law and of defendant's policies (and any class member who reported to another class member would be accusing that class member of identical unlawful conduct).

The second type of conflict is between all putative class members who, like plaintiff, are no longer employed by defendant, and putative class members who presently work as managers. The conflict arises because plaintiff alleges that managers violated both defendant's policies and Illinois law, which could have a negative effect on current store managers' employment.

The court agrees with defendant that conflicts in the putative class prevent plaintiff from establishing adequacy of representation. Because plaintiff became a manager who allegedly participated in the wrongful conduct at issue, her counsel cannot adequately represent a class of associates. See Mateo v. V.F. Corp., No. C 08-05313, 2009 U.S. Dist. LEXIS 105921, *13 (N.D. Cal. Oct. 27, 2009) (denying certification under the FLSA because the putative class included the plaintiff and those she supervised, and the defendant's defense that the plaintiff worked employees off-the-clock during their breaks in violation of the defendant's policy

---

[1] An affidavit provided by defendant shows that, from June 11, 2005, to June 11, 2010, 13 associates at the store where plaintiff worked were promoted to store manager, one of whom is still employed as a store manager.

brought into question the adequacy of the named plaintiff's representation), quoting J.H. Cohn & Co. v. Am. Appraisal Assocs., Inc., 628 F.2d 994, 999 (7th Cir. 1980); Sample v. Aldi, No. 93 C 3094, 1994 U.S. Dist. LEXIS 1518, at *13 (N.D. Ill. Feb. 15, 1994) ("[I]t is generally true that supervisory and nonsupervisory employees should not be placed in the same class.").

Plaintiff argues that no conflict exists because she does not seek damages for the period of time she was a manager; she further notes that the existence of potential wage and hour claims she might have for her tenure as a manager do not destroy adequacy of representation. Because the conflict is not based on any claims plaintiff may have for the time she worked as a manager, plaintiff's arguments are irrelevant and nonresponsive.

**B.     Typicality**

Defendant also correctly argues that, because it has unique defenses against plaintiff and any other class member who became a manager, the pleadings show plaintiff cannot establish typicality. Under the typicality analysis, "a plaintiff against whom the defendants have a defense not applicable to other members of the class is not a proper class representative." Hardy v. City Optical Inc., 39 F.3d 765, 770 (7th Cir. 1994); see Robles v. Corporate Receivables, Inc., 220 F.R.D. 306, 309 (N.D. Ill. 2004) (finding that unique defenses destroy typicality because "the defenses against the named representatives are likely to usurp a significant portion of the litigant's time and energy, and there is a danger that the absent class members will suffer if their representative is preoccupied with defenses unique to it") (internal citations and quotations omitted). One of defendant's theories is that managers who promoted off-the-clock work did so without defendant's knowledge and in violation of its official policy; thus, defendant's litigation strategy will force plaintiff and any other members of the putative class who became managers to

6

defend their own conduct.  Defendant has offered two affirmative defenses that implicate this issue.  The first is: "Plaintiff is not a proper class representative, as she was a Store Manager during part of her employment with Defendant.  As Store Manager, Plaintiff would have been responsible for the failure to pay overtime and the requirement to work off-the-clock as alleged in the Complaint."  The second is that "[a]ny Store Manager who required employee[s] to work off the clock did so in violation of Family Dollar's policy prohibiting off the clock work and without Family Dollar's knowledge."  These defenses, unique as to plaintiff and any other manager in the putative class, prevent plaintiff from establishing typicality and therefore from showing that she will be able to maintain a class action.

## CONCLUSION

For the reasons discussed above, the court grants defendant's motion to strike class allegations.


**ENTER:     November 30, 2010**

_____
**Robert W. Gettleman
United States District Judge**